IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Henry James Brown,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Garrett M. Becker,<br><br>　　　　　Defendants. | Case No. 9:24-cv-00021-RMG<br><br>**ORDER AND OPINION** |

　　　Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending Plaintiff's original and amended complaints (Dkt. Nos. 1, 9) be dismissed without further leave to amend. (Dkt. No. 14). Plaintiff did not file objections to the report. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Plaintiff's action. (Dkt. No. 14).

**I.　　Background**

　　　Plaintiff Henry James Brown alleges that Defendant Police Officer Garret M. Becker drove over Plaintiff's foot with his patrol car breaking Plaintiff's left ankle. (Dkt. No. 1 at 5-6). Plaintiff attempted to bring a civil action against Defendant in state court but failed to file a proper complaint. (Dkt. No. 1-2 at 4). Plaintiff now brings the current action renewing various state law claims including negligence, battery, and intentional infliction of emotional distresses, and alleging that Defendant subjected Plaintiff to excessive force in violation of the Fourth Amendment. (Dkt. No. 1 at 4; Dkt. No. 1-1 at 7.). The original complaint and amended complaint seek over $800,000 in damages and asks that Defendant Becker be charged criminally. (Dkt. No. 1 at 6, 9; Dkt. No. 1-1 at 7.)

The Magistrate Judge advised Plaintiff that to the extent he wished to pursue his state court claims against Defendant Becker in state court, as he originally attempted, he could utilize model documents on the South Carolina Judiciary's website. The Magistrate Judge further advised Plaintiff that if he wished to pursue his action in federal court, he would need to cure any defects in his pleading within 21 days. (Dkt. No. 5). Plaintiff filed his amended complaint, which was a photocopy of the original complaint, and the Magistrate Judge afforded Plaintiff another 21 days to file a proper amended pleading. (Dkt. Nos. 9,11). Plaintiff then filed a supplement to the amended complaint with a cover letter referencing hospital bills, but Plaintiff failed to add any new allegations to this action. (Dkt. No. 13 at 1).

## II. Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that Plaintiff failed to properly allege an excessive force violation of the Fourth Amendment. Plaintiff's amended complaint fails to allege that Defendant struck Plaintiff during the course of an arrest, an investigatory stop, or any other "seizure" of his person. *See E.W. v. Dolgos*, 884 F.3d 172, 179 (4th Cir. 2018) ("The ultimate question is whether the totality of the circumstances justified a particular sort of seizure.") (internal quotation marks and citations omitted). Plaintiff's allegations merely allege that Defendant was driving negligently or deliberately attempting to injure Plaintiff. These allegations are state law claims, which this Court cannot consider without supplemental jurisdiction. *See* S.C. Code Ann. § 15-78-70(a) (noting that the South Carolina Tort Claims Act "constitutes the exclusive remedy for any tort committed by an employee of a governmental entity"). Because the Plaintiff's original complaint and amended complaint failed to state an actionable federal claim, there is no basis for the Court to exercise jurisdiction over Plaintiff's state law causes of action.

### IV. Conclusion

In light of the foregoing, this Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 14) and **DISMISSES** Plaintiff's action against Defendant.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

October 16, 2024
Charleston, South Carolina